The judgment of the court was pronounced by
Rost, J.
The plaintiff alleges that the defendants had in their possession, under simulated conveyances and otherwise, a large amount of property belonging to Felix Connolly, whose succession he administers; that they have sold a portion of said property and received the proceeds; and that they have also received a large amount of rents. He claims the property of the succession remaining in their possession, the proceeds of that which has heen alienated and the rents received.
The defence is, that the administrator cannot maintain this action, because he represents the deceased who could not be heard in a court of justice, if he alleged a simulation to which he was a party; that all the heirs of the deceased are present or represented ; that four of them have accepted the succession unconditionally, and until it is shown that they are unable to pay its debts, it cannot be «Ptt8Íá.eKgd,as insolvent; that if it be insolvent, the administrator is without capagliy&jbftct and a syndic should have been appointed.
The answer,'also, contains a general denial, and a plea of prescription under ai^iple 19§2 C- C. There was judgment in favor of the plaintiff in the first instJflcerand.the defendants appealed.
We have stated the pleadings with precision, because in the oral argument -miAny ¿Joints were raised which are not put at issue by them, and upon which it is therefore unnecessary to express an opinion.
‘The cause of action is similar to that of the same plaintiff against Bridget Connolly, reported in 4th Ann. 169. In that case no defence was made and the judgment was confirmed on a default. On the appeal, the counsel for the defendant made the plea now set up, that the administrator represented the deceased, and could not be heard, because the deceased himself could not have alleged the simulation. He also filed several pleas of prescription. We held, that the succession being shown to be insolvent, the administrator represented the creditors and could maintain the action in their behalf, and being clearly of opinion that the pleas of prescription were not tenable, we affirmed the judgment. We are satisfied with our decision in that case as far as it goes, and we must now ascertain whether there is any thing in the defence set up, and in the evidence adduced in support of it, which will require or justify a different decree in this case.
*401 The simulation alleged is sufficiently proved. But the defendant’s counsel contends that the plaintiff, so far from showing the insolvency of the succession has proved that it was solvent; the heirs having, as he admits, accepted purely and simply, and there being no proof of their insolvency.-
Some of the heirs were minors and could not thus accept. The qualify which the others assumed, in the suit which they instituted against the present defendant, rendered them liable as heirs pure and simple. But the compromise upon which that suit was brought does not affect the right of the' creditors to show íhé' simulation. The heirs of Felix Connolly could not, by accepting the succession’ purely and simply, and leaving nearly all his property in the hands of the defendant, defeat the rights of the creditors in- that property beyond fhe amount of the' share of Sarah Connolly in the succession. The compromise effected between-the heirs of Felix Connolly on the simulation, was not such a partition of the' succession as will compel the creditors to resort to the heirs for payment.-
To prove the insolvency of the succession, the plaintiff offered in evidence copies of judgment rendered against Felix Connolly; to the introduction of which the defendants objected OU various grounds, which we will separately notice.
First, that the insolvency of the succession could only be shown by a tableau of the debts of the succession duly exhibited in the court seized with-it,- and homologated by the court. This principie is recognized in the case of Sample v. Fletcher, 3 N. S. 382, and was undoubtedly the law under the Code of 1808. The consequence was that it was almost impossible to prove the fact of insolvency. To remedy this defect in our legislation, the framers of the New Code introduced in that -work art. 1980, which affected a radical change of the old law. Under that' article', insolvency may be proved as-' any other fact, and we are of opinion that it is sufficiently established by the evidence adduced in this case.
It was further urged, against the introduction of those judgments, that they were not evidence against the defendant, she not being a party to them ; and also that the entire record- of the case, in which-the judgments Were rendered should have been produced.
We have already held,-as our predecessors have done before ment is prima facie evidence of tbe debt against third persi directly attacked' on the ground of fraud and collusion. Fox v. Fox, 4th Ann. 135. Sorapuru v. Lacroix, 1 L. R. 378. But the defendant is not a must be considered as having accepted unconditionally the sui Connolly, and cannot contest the judgments rendered against a third person, the judgments rendered by the' State courts t evidence, although the whole record was not produced. We mrSik therefor take them as evidence of indebtedness, and their amount is sufficient tolüió’ insolvency of the succession.
We have uniformly held, that a prescription established by art. 1982 of the Civil Code, does not apply to cases of simulation.
It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs'. .